NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSAN HALLER AND LEON HALLER, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, ET AL., <br><br> Defendants. | Civ. No. 09-1271 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

     This matter comes before the Court upon the motion of *pro se* Plaintiffs Susan Haller and Leon Haller (collectively "Plaintiffs") to reinstate this action, join the Federal Deposit Insurance Corporation (the "FDIC") as a defendant, and to remand this action to New Jersey Superior Court. (Doc. No. 31.) The FDIC as receiver for Defendant Washington Mutual Bank ("WaMu") opposes Plaintiffs' present motion, as do Defendants JP Morgan Chase Bank, Deutsche Bank National Trust Company, Merit Financial Corp, Ralph Labendz, and Marilyn Shain (collectively "Defendants"). (Docs. No. 33, 34, 35.) The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, Plaintiffs' motion will be denied and this case will be closed for the reasons that follow.

**I.    BACKGROUND**

1

On or about December 31, 2008, Plaintiffs filed a complaint against Defendants in the Law Division of New Jersey Superior Court, Middlesex County. (Not. of Removal; Doc. No. 1.) Thereafter, on March 20, 2009, the FDIC as receiver for WaMu removed Plaintiffs' complaint to this Court and asserted that federal subject-matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331. (*Id.*) Though Plaintiffs' complaint lodges only state law claims against Defendants, the FDIC asserted that this case inherently involves a federal question pursuant to 12 U.S.C. §§ 1819(b)(2) and 1821 (d)(6)(A) because the federal Office of Thrift Supervision ("OTS") appointed the FDIC as receiver for Defendant WaMu on September 25, 2008. (*Id.*) Thus, the FDIC became the successor-in-interest to WaMu, assuming all rights, titles, powers, privileges, and operations. Additionally, the FDIC assumed administration of all creditor claims and claimants against WaMu, such as the claims lodged against WaMu by Plaintiffs.

The substance of Plaintiffs' complaint concerns a mortgage that Plaintiffs refinanced with WaMu and the resulting default and payments, or lack thereof, made with respect to that mortgage. (Compl.; Doc. No. 1.) Based upon the mortgage-centered factual allegations, Plaintiffs' complaint lodges several state law claims against Defendants. (*Id.*) After this case was removed by the FDIC, each of the defendant financial institutions filed motions to dismiss Plaintiffs' complaint with prejudice in lieu of an answer.[1] In a letter dated May 14, 2009, Plaintiffs voluntarily dismissed

---

[1] Specifically: on March 26, 2009, JP Morgan filed a motion to dismiss the complaint in lieu of answer (Docket No. 3); on March 30, 2009, the FDIC, as receiver for WaMu, filed a motion to substitute parties and to dismiss complaint (Docket No. 7); on April 9, 2009, Merit Financial, Ralph Labendz, and Marilyn Shain filed a motion to remand or alternatively dismiss the complaint (Docket No. 8); on April 17, 2009, Deutsche Bank filed a motion to dismiss Plaintiffs' complaint with prejudice in lieu of an answer (Docket No. 9). Each motion to dismiss concerned the Court's lack of jurisdiction over Plaintiffs' claims. As discussed below, these

without prejudice their claims against Defendants JP Morgan Chase Bank and Deutsch Bank. (Docket No. 26.) Subsequently, in a letter dated May 26, 2009, Plaintiffs claimed they had been unaware of the appropriate procedure for filing a claim with the FDIC, and voluntarily dismissed without prejudice their claims against Defendant WaMu. (Docket No. 27.) Additionally, in their May 26 letter, Plaintiffs requested that the Court preserve Plaintiffs' right to "once again open this complaint" if the FDIC "does not address and settle the numerous issues through the process agreed to with the Federal Government." (*Id.*)

On October 21, 2009, Plaintiffs filed the present motion to reinstate this action, join the FDIC as a defendant, and to remand this action to New Jersey Superior Court. (Doc. No. 31.) Among the Defendants, the FDIC filed the most substantial opposition brief and therein argues that this Court lacks subject-matter jurisdiction to continue or reinstate this action. (Doc. No. 34.)

## II.   DISCUSSION

### A.   Legal Standard

Pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(1), a claim can be dismissed for "lack of jurisdiction over the subject matter." This motion to dismiss may be asserted at any time in a case. *In re Kaiser Group Int'l, Inc.*, 399 F.3d 558, 565 (3d Cir. 2005). In a motion to dismiss based on subject matter jurisdiction, "the standard . . . is much more demanding [than the standard under 12(b)(6)]. 'When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.'" *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). If the defendant's attack is facial, the court may take all allegations in the complaint as true and "may

---

motions are rendered moot by the Court's decision in the present motion.

dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction." *Liu v. Gonzales*, 2007 U.S. Dist. LEXIS 74611, at *7 (D.N.J. Oct. 5, 2007). The standard of review differs substantially from that under Rule 12(b)(6), however, when the challenge is factual. Then, there is no presumption of truthfulness to a plaintiff's claims in the complaint. *RLR Invs., LLC v. Town of Kearny*, No. 06-cv-4257, 2007 U.S. Dist. LEXIS 44703, at *8 (D.N.J. June 20, 2007) (citations omitted). Thus, consideration of the motion does not have to be limited – conflicting evidence may be considered so that the court can decide factual issues that may bear on its jurisdiction. *Id.* Furthermore, "[w]hen resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." *Med. Soc'y of N.J. v. Herr*, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000)). "However, '[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited.'" *RLR Invs., LLC*, 2007 U.S. Dist. LEXIS 44703, at *9 (internal citations omitted).

Further, since Plaintiffs are *pro se* litigants, the Court must apply a more liberal standard of review to their claims. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Wade v. Yeager*, 377 F.2d 841, 846 (3d Cir. 1967) (recognizing that a petition made without the benefit of counsel must be read with a measure of tolerance); *United States ex. rel Montgomery v. Brierley*, 414 F.2d 552 (3d Cir. 1969) (stating that *pro se* petitions should be liberally construed).

    **B.**    **Application**

        **1.**    **The Federal Question**

The Financial Institutions Reform and Recovery Enforcement Act of 1989 ("FIRREA") governs suits brought by claimants against failed depository institutions that have been placed in receivership. *See generally* 12 U.S.C. §§ 1821(d)(3)-(13). Congress enacted FIRREA as "the most sweeping thrift reform law in the nation's history." *Praxis Properties, Inc. v. Colonial Sav. Bank, S.L.A.*, 947 F.2d 49, 62 (3d Cir. 1991). This statute is very clear and broad in its restraints on judicial review. Once the FDIC is appointed as receiver a claimant must bring all actions against the failed bank administratively to the FDIC before any federal or state court may retain jurisdiction. Courts have held "the jurisdictional restriction in § 1821(d)(13)(D) as a statutory exhaustion requirement." *See Nat. Union Fire Ins. Co. v. City Sav. F.S.B.*, 28 F.3d 376, 383 (3d Cir. 1994); *Praxis*, 947 F.2d at 63; *FDIC v. Shain, Schaffer & Rafanello*, 944 F.2d 129, 132 (3d Cir. 1991) ("Congress expressly withdrew jurisdiction from all courts over any claim to a failed bank's assets that are made outside the procedure set forth in section 1821."). FIRREA thus expressly details the jurisdiction requirements for federal courts and requires an exhaustion of administrative procedures.

Congress has created a comprehensive scheme limiting subject matter jurisdiction over Plaintiffs' claims. FIRREA provides express procedures and limitations on federal jurisdiction of claims against institutions under receivership. Plaintiffs, however, have not followed these express jurisdictional requirements.

Section 1821(d)(13)(D) provides that:

> Except as otherwise provided in this subsection, no court shall have jurisdiction over–
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver . . . or

5

>    (ii) any claim relating to any act or omission of such institution of the [FDIC] as receiver.

Congress limited the subject-matter jurisdiction of federal district courts to review administrative claims in section 1821(d)(6)(A):

> Before the end of the 60-day period beginning on the earlier of–
>
> (i) the end of the [180-day period the Receiver has to make a determination on a claim]; or
>
> (ii) the date of any notice of disallowance of such claim . . ., the claimant may request administrative review of the claim . . . or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

According to the statutory requirements, a claimant must, in the first instance, bring its action directly to the appointed receiver of the failed institution–here the FDIC. Once that review is complete, a claimant has 60 days to appeal the administrative decision to one of two courts: either (1) the United States District Court located in the failed institution's principal place of business; or (2) the United States District Court for the District of Columbia. Defendant WaMu's principal place of business in this case is Seattle, Washington. Therefore, any appeal of the FDIC's disallowance of Plaintiffs' claims must be brought in either the Western District of Washington or the District of Columbia. Section 1821 does provide jurisdiction to any federal district court but only where the plaintiffs initiated their action before the appointment of a receiver. This does not apply here. The FDIC was appointed as receiver of WaMu on September 25, 2008. Plaintiffs initiated this action on or about December 31, 2008, about three months later. Because a receiver had already been

appointed prior to the suit, Plaintiffs were required to follow the procedures outlined by Congress in § 1821 of FIRREA. First, Plaintiffs were required to file their claim with the FDIC; and second, if they wished to appeal a disallowance of that claim, they had 60 days to file an appeal in one of two federal district courts – neither of which is the District of New Jersey. Therefore, this Court lacks subject-matter jurisdiction over the federal question presented in this suit and cannot grant Plaintiffs' motion to either reinstate or continue this matter.

Courts have consistently upheld the clear and strict jurisdictional requirements under FIRREA. *See Praxis*, 947 F.2d at 63 ("FIRREA expressly limits a claimant's ability to circumvent the above administrative claims procedure, providing for a strict limitation on judicial review."); *Resolution Trust Corp. v. W.W. Development & Mgmt., Inc.,* 73 F.3d 1298, 1306 (3d Cir. 1996) (holding that court lacked subject matter jurisdiction under FIRREA because "[w]hen a statute is clear . . . our role in interpretation is at an end, absent a clearly expressed legislative intention that contradicts the plain language of the statute"); *Nat. Union Fire Ins. Co.*, 28 F.3d at 383 ("FIRREA was . . . passed to give the receiver extraordinary powers.").

The Court is not unsympathetic to Plaintiffs' circumstances and to the fact that its ruling is harsh. *Accord Resolution Trust*, 73 F.3d at 1306 ("We recognize that our result is harsh . . . . But our hands are tied under the statutory scheme.") However, where Congress has expressly provided for limited judicial review under an unambiguous, straight-forward statute the Court must abide by those limitations.

    **2.**    **The State Law Claims**

As the Court noted previously, Plaintiffs' complaint contains only New Jersey state law

claims. Having no jurisdiction over the federal question presented in this case, the Court will not exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. A District Court, pursuant to 28 U.S.C. § 1367(c)(3), "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." *Edlin Ltd. v. City of Jersey City*, No. 07-3431, 2008 U.S. Dist. LEXIS 41118, at *24 (D.N.J. May 23, 2008) (citing *Atkinson v. Olde Economie Fin. Consultants, Ltd.*, No. 05-772, 2006 U.S. Dist. LEXIS 54289, at *5 (W.D. Pa. Aug. 4, 2006)). This determination is discretionary and "[t]he general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." *Id.*; *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172 (1997) ("pendent jurisdiction 'is a doctrine of discretion, not of plaintiffs right,' and that district courts can decline to exercise jurisdiction over pendent claims for a number of valid reasons") (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). The Court has decided that it lacks subject-matter jurisdiction to consider the federal question presented in this case. In light of that decision, the Court shall decline in its discretion to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to reinstate this action, join the FDIC as a defendant, and to remand this action to New Jersey Superior Court shall be DENIED. (Doc. No. 31.) Plaintiffs' claims against WaMu and attempt to join the FDIC are DENIED AND DISMISSED WITH PREJUDICE. Plaintiffs' remaining state law claims are DISMISSED WITHOUT PREJUDICE. In light of this decision, the various Defendants' pending motions to dismiss are moot

and shall be DENIED. (Docs. No. 3, 7, 8, 9.) The Court will order the Clerk of the Court to CLOSE this case. An appropriate form of order accompanies this memorandum opinion.

Dated: February 12, 2010

/s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.